UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| Cook Biotech Incorporated and Purdue Research Foundation, <br><br>　　　　Plaintiffs and <br>　　　　Counterclaim Defendants, <br><br>　　v. <br><br>ACell Incorporated, Stephen F. Badylak, and Alan R. Spievack, <br><br>　　　　Defendants and Counterclaimants. | Case No. 4:03CV0046 |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PURDUE RESEARCH FOUNDATION'S MOTION FOR SUMMARY ADJUDICATION OF BREACH OF FIDUCIARY DUTY COUNTERCLAIM**

Comes now Purdue Research Foundation ("PRF") and in support of its motion for summary adjudication in its favor with respect to Counterclaimant Badylak's breach of fiduciary duty claim (Claim XVIII), states:

## I. STATEMENT OF MATERIAL FACTS

1. Counterclaimant Stephen F. Badylak ("Badylak") alleges that PRF "owed fiduciary duties of loyalty and honesty to Badylak . . . [and PRF][1] breached such fiduciary duties by agreeing to a resolution with Cook which deprived Dr. Badylak of sums to which he was entitled." Defendants' Amended Answer, Counterclaim and Third-Party Claim ("Counterclaim") filed September 15, 2003, ¶ 192.

---

[1] Badylak initially also attempted to allege Count XVIII against Purdue University but then dismissed that allegation voluntarily on December 1, 2003. *See Notice of Dismissal of Certain Claims Without Prejudice.*

2. Badylak alleges that the "resolution" related to "certain non-arms-length agreements with companies affiliated with Cook, which in turn re-sell or re-license such technology and products, in order fraudulently to miscalculate the royalty payment owed to Purdue and in turn to Dr. Badylak." Counterclaim, ¶72.

3. The "resolution" alleged by Badylak took the form of a license amendment that was executed not later than August 27, 2001. Ex. A (PRF 009581, 9845-46; Affidavit of Deanna R. Pass).

4. Badylak filed the Counterclaim on September 15, 2003. Counterclaim.

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment must be entered "if the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). A fact is material "only if it might affect the outcome of the case under the governing law." *Anweiler v. American Elec. Power Serv. Corp.*, 3 F.3d 986, 990 (7th Cir. 1993); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S. Ct. 2505, 2509-10 (1986).

Although the moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact, there is no requirement that the movant negate his opponent's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986); *see also Fitzpatrick v. Catholic Bishop of Chicago*, 916 F.2d 1254, 1256 (7th Cir. 1990). Once the moving party has met its initial burden, the nonmovant may not rest on conclusory allegations but instead must come forward with evidence demonstrating the existence of each element of its case upon which it would

bear the burden of proof at trial.  FED. R. CIV. P. 56(e); *Matney v. County of Kenosha*, 86 F.3d 692, 695 (7th Cir. 1996).

To avoid summary judgment, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356 (1986); *McGinn v. Burlington N. R.R. Co.*, 102 F.3d 295, 298 (7th Cir. 1996).  Evidence which is merely colorable or not significantly probative cannot defeat summary judgment.  *Anderson*, 477 U.S. at 249-50, 106 S. Ct. at 2511; *Senner v. Northcentral Tech. College*, 113 F.3d 750, 757 (7th Cir. 1997) ("A party needs more than a scintilla of evidence . . . to defeat summary judgment.").

### III.  ARGUMENT

In Count XVIII of the Counterclaim, Dr. Badylak alleges that PRF breached a fiduciary duty "by agreeing to a resolution with Cook which deprived Dr. Badylak of sums to which he was entitled."  That resolution occurred more than two years prior to September 15, 2003.   Ex. A.  As a result, Claim XVIII is time-barred pursuant to Indiana's two-year statute of limitation for breach of fiduciary duty claims.  *Shriner v. Sheehan*, 773 N.E.2d 833, 846 (Ind. App. 2002).

Indiana law applies to Claim XVIII.  Badylak alleges that he, PRF and Cook Biotech, Inc. are each in Indiana and that the alleged breach was caused by PRF and Cook Biotech, Inc. Counterclaim, ¶¶ 5, 6, 10, 192.   Claim XVIII is apparently alleged pursuant to this Court's supplemental jurisdiction to hear claims under state law.  28 U.S.C. § 1367(a).   When a federal court applies state law, the court utilizes the choice of law principles of its forum state to determine which state's laws apply.  *United States ex rel. Hoover v. Franzen*, 669 F.2d 433, 437

(7th Cir.1982).   In Indiana, the law of the forum having the most intimate contacts with the facts determines which law governs.  *Pennington v. American Family Ins. Group*, 626 N.E.2d 461 (Ind. App. 1993); *Dohm & Nelke v. Wilson Foods Corp.,* 531 N.E.2d 512, 513 (Ind. App. 1988).  Here, Indiana has the most intimate contacts with the alleged duty and breach.

There is no genuine issue as to any material fact bearing on the timeliness of Claim XVIII.  The claim was filed on September 15, 2003, more than two years after the execution of the "resolution with Cook which deprived Dr. Badylak of sums to which he was entitled." Facts 1, 3.  As a result, the claim is time-barred under Indiana law.

WHEREFORE, PRF respectfully urges that its motion for summary adjudication in its favor and against Badylak on Claim XVIII be granted, and that the Court grant all other just and proper relief.

Respectfully submitted,

 s/ William P. Kealey
William P. Kealey
Attorney No.: 18973-79
Stuart & Branigin LLP
300 Main Street, Suite 900
P.O. Box 1010
Lafayette, IN 47901
ATTORNEY FOR PLAINTIFF
PURDUE RESEARCH FOUNDATION

## **CERTIFICATE OF SERVICE**

       I certify that on the 6th day of May, 2004, service of a true and complete copy of the above and foregoing pleading or paper was made upon each party or attorney of record herein:

| | |
|---|---|
| Daniel J. Lueders | Stephen E. Arthur |
| Holiday W. Banta | Raymond A. Basile |
| Woodard, Emhardt, Moriarty, | Harrison & Moberly, LLP |
|   McNett & Henry LLP | 135 North Pennsylvania Street |
| Bank One Center/Tower | Suite 2100 |
| 111 Monument Circle, Suite 3700 | Indianapolis, IN 46204 |
| Indianapolis, IN 46204-5137 | |

J. Alan Galbraith
Bruce R. Henderson
Howard W. Gutman
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, DC 20005

by depositing the same in the United States mail, properly addressed and with sufficient first class postage affixed.

                                            s/ William P. Kealey
                                          William P. Kealey

343914.1