UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | | |
|---|---|---|
| COOK BIOTECH INCORPORATED AND PURDUE RESEARCH FOUNDATION, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CAUSE NO. 4:03cv0046 AS |
| ACELL, INCORPORATED, STEPHEN F. BADYLAK, AND ALAN R. SPIEVACK, | ) ) ) ) | |
| Defendants. | ) | |

*MEMORANDUM*

Since this court has been bending every effort to rule on the mass of motions that have been presented to it in this case, it will take this means of communicating directly to the lawyers regarding the trial of this case before a jury.  There remains one essential issue to be tried to a jury beginning at 9:30 a.m. on Monday, June 27, 2005.  Very recently in a case from the Hammond division of this court, the Court of Appeals in this circuit in referring to the remand of that case said, "The judge must take firm control and focus on the lawyers, witnesses, and the jury on the facts identified in this opinion as being critical to the issues ... ." *See Mesman v. Crane Pro Services*, No. 04-2146 (7th Cir. May 31, 2005), slip op. p. 12.  Likewise it will be the effort of this court to take firm control and focus the lawyers, witnesses and jury on the facts that relate to the central issue which is before this jury acting under the Seventh Amendment of the Constitution

of the United States.

Any effort to bring extraneous and irrelevant issues into this trial will be firmly dealt with. Under the normal practice of this court in civil cases, a jury of eight persons will be selected with the plaintiffs collectively having three peremptory challenges and the defendant collectively having three peremptory challenges for a total of six peremptory challenges. Under this arrangement, there are no alternates designated. If during the course of the trial it is necessary to excuse one or two jurors, as long as six jurors remain there is a viable jury. However, to repeat, there are no alternates and if there are eight jurors at the end of the trial, eight jurors deliberate and decide.

This court for at least 20 years in civil cases has permitted or indeed required the parties to make opening statements during the voir dire process to the entire jury array. That will be done here and the opening statements, not arguments, must be done on each side within 30 minutes. Since there are multiple counsel on each side of this case, this court adopts a rule which limits each witness to one lawyer on direct and one lawyer on cross. With reference to cross-examination, the lawyer who is to do the cross-examination must make any objections during the direct examination of the particular witness. In order to accomplish efficiency, it will be the effort of the court to have meals brought in for the jury at the noon hour so as to shorten the period of time involved.

As indicated in a memorandum of May 18, 2005, this court has blocked out full trial days for June 27-30, 2005, and an additional three trial days July 5-7, 2005. There will no court in this case on July 1, 2005 and July 8, 2005. In the unlikely event that the

trial of this case is not concluded by July 7, 2005, as it well should be, this court can give time to this case beginning on July 11, 2005, but must start a jury trial in another civil case in Lafayette on July 18, 2005.  This court has taken extraordinary efforts, indeed at great personal inconvenience, to provide time during the week of July 11, 2005 for the trial of this case.  This court desires and expects a full set of jury instructions to be filed no later than the morning of July 30, 2005.  They are also to be sent electronically to Sharp_Chambers@innd.uscourts.gov.  A settlement conference on instructions will be held on the record in open court after all the evidence has been submitted and before final arguments.  Again, that is the regular practice of this court in all jury cases.  At the outset of the trial, counsel are expected to collect and properly designate all exhibits that are to be offered in evidence and to place the same in appropriate folders and disclose the same <u>fully</u> to opposing counsel.

      The cooperation of counsel is appreciated.

      **DATED:**  June 23, 2005

                              **S/ ALLEN SHARP**
                              **ALLEN SHARP, JUDGE**
                              **UNITED STATES DISTRICT COURT**