# United States District Court

## Northern District of Indiana

Cook Biotech Incorporated
and Purdue Reseach Foundation
        Plaintiffs

                JUDGMENT IN A CIVIL CASE

      v.

                Case No. 4:03cv46AS

Acell, Incorporated,
Stephen F. Badylak,
and Alan R. Spievack
        Defendants

[X]    **Jury Verdict.**  This action came before the court for a trial by jury.  The issues have been tried and the jury has rendered its verdict.

[X]    **Decision by Court.**  This action came to trial, hearing or consideration before the Court.  The issues have been tried, heard or considered and a decision has been rendered.

    IT IS ORDERED AND ADJUDGED (Jury Verdict) that on the issue of Infringement, the Court orders the Clerk to enter judgment in favor of Plaintiffs' Cook Biotech Incorporated and Purdue Research Foundation and against Defendant ACell, Incorporated.

    On the issue of Induced Infringement, the Court orders judgment in favor of Plaintiffs' Cook Biotech Incorporated and Purdue Research Foundation and against Defendant Stephen F. Badylak.

    On the issue of Induced Infringement, the Court orders judgment in favor of Plaintiffs' Cook Biotech Incorporated and Purdue Research Foundation and against Defendant Alan R. Spievack.

    On the issue of Wilful Infringement, the Court orders judgment in favor of Acell, Inc. And against Plaintiffs' Cook Biotech Incorporated and Purdue Research Foundation.

    On the issue of Wilful Infringement, the Court orders judgment in favor of Stephen F. Badylak and against Plaintiffs' Cook Biotech Incorporated and Purdue Research Foundation.

On the issue of Wilful Infringement, the Court orders judgment in favor of Alan R. Spievack and against Plaintiffs' Cook Biotech Incorporated and Purdue Research Foundation.

(Decision by Court) It is of the view here that the divided nature of the jury verdict denies the status of a prevailing party to either plaintiffs or defendants, and therefore it is the ruling of this court that each party will bear its own costs in this case.

Understanding the equities involved in the granting of a permanent injunction, it is this court's conclusion <u>now</u> that there is too much doubt to <u>mandate</u> the granting of a permanent injunction on the basis of this jury verdict. Obviously this is one of the several issued that must now be presented to the Court of Appeals for the Federal Circuit for appropriate consideration and decision.

At this point, this court will let stand its Markman ruling. However, the aforesaid decision by the United States Court of Appeals for the Federal Circuit raises enough doubt at this point under these under the totality of the circumstances of this case to cause this court to stay its hand and grant the stay of enforcing a permanent injunction pending the appeal in this case. It is thus the intent of this court now to gather up all the loose ends and enter a final, appealable judgment so that this case can go appropriately to the next level.

Stephen R. Ludwig, Clerk

By  s/Cannie S. Inman
Deputy Clerk

:

This document entered pursuant to Rules 79(a) and 58
of the Federal Rules of Civil Procedure on **August 19, 2005**.